# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KAYLA ELWELL,

    Plaintiff,

v.                                                Case No: 8:13-cv-2857-T-30TBM

PIERCE N TELL, LLC and
OSHIK PEREZ,

    Defendants.

_____

## **FINAL DEFAULT JUDGMENT**

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Entry of Final Judgment, And For Attorneys' Fees and Costs Against Defendants (Dkt. 40).

## **BACKGROUND**

This action was initiated by Plaintiff Kayla Elwell ("Elwell"), on November 8, 2013, for relief against Defendants Pierce 'N Tell, LLC ("Pierce N Tell") and Oshik Perez, for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA"), for unpaid overtime wages. Plaintiff filed an Amended Complaint on January 16, 2014 (Dkt. 14). Defendants moved to dismiss the Amended Complaint on January 17, 2014 (Dkt. 15). On March 6, 2014, Defendants' motion to dismiss was denied (Dkt. 20). On July 15, 2014, the Court entered an Order to Show Cause directing Pierce N Tell to show cause in writing why it had failed to obtain counsel as directed in the Court's June 9, 2014 Order (Dkt. 33) and directing Defendants to file an answer to the Amended Complaint within fourteen (14) days of the Order (Dkt. 36). To date, Defendants have not responded to the Court's Order

(Dkt. 36), nor have they filed an answer as directed by the Order. On July 31, 2014, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a).

Plaintiff now moves for entry of final judgment and for attorneys' fees and costs against all Defendants.

## DISCUSSION

Plaintiff seeks entry of final judgment against Defendants in the total amount of $12,840.00 representing: $5,940.00 in gross damages and liquidated under the FLSA, reasonable attorneys' fees in the amount of $6,900.00, and costs in the amount of $400. Plaintiff also seeks postjudgment interest at the Federal statutory rate until the date all payments are made by Defendants to Plaintiff. The Court, having considered the Amended Complaint, and all other pleadings and documents of record, is fully advised in this matter.

### I.     Damages

Plaintiff has submitted an affidavit showing the amount of unpaid wages and liquidated damages calculated pursuant to 29 U.S.C. §216(b). Pursuant to 29 U.S.C. §216(b) and Federal Rule of Civil Procedure 55(b), the Court finds that Plaintiff is entitled to damages in the amount of $5,940.00.

### II.    Costs

Plaintiff seeks costs in the amount of $400.00 associated with the filing fee. This cost is recoverable under 28 U.S.C. §1920. Accordingly, the Court will award Plaintiff costs in the amount of **$400.00.**

**III.   Attorneys' Fees**

Calculating an appropriate fee award under federal law involves a two-step process. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *See id.* The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *See id.*; *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered).[1]

The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature

---

[1] The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

The Eleventh Circuit has recognized that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See Hensley*, 461 U.S. at 433.

### A. Number of Hours

The record reflects that Plaintiff's counsel worked a total of 23 hours on this case. Plaintiff states that counsel worked twenty-three (23) hours to prosecute Plaintiff's claims, including drafting responses in opposition to two motions to dismiss and participating in a lengthy mediation. The Court finds that twenty-three (23) hours of time worked by Plaintiff's counsel is reasonable.

### B. Hourly Rates

The Declaration of Brandon J. Hill, Plaintiff's counsel ("Hill"), reflects that he bills at a rate of $300.00 per hour. The Declaration also describes Hill's experience and qualifications. The Declaration states that the fees in this action were reasonable and

4

necessary to bring this matter to a close. The Court concludes that the hourly rates are reasonable.

      **C.**    **Total Amount of Attorneys' Fees**

As reflected above, the total amount of reasonable attorneys' fees is $6,900.00. It is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Final Judgment, And For Attorneys' Fees and Costs Against Defendants (Dkt. 40) is GRANTED.

2. The Clerk of Court shall enter a **final default judgment** in Plaintiff's favor and against Defendants in the amount of **$12,840.00**, which represents damages, costs, and attorneys' fees. This amount shall accrue post-judgment interest at the Federal statutory rate.

3. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of August, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2857 default final judgment.docx